IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HUMBERTO FIERRO-RASCON,

        Petitioner,        OPINION & ORDER

 v.

                        14-cr-13-jdp
UNITED STATES OF AMERICA,        16-cv-24-jdp

        Respondent.

---

  Petitioner Humberto Fierro-Rascon is currently in custody at the Gilmer Federal Correctional Institution, located in West Virginia. Following a jury trial in January 2015, petitioner was convicted of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. I sentenced petitioner to eight years of prison and three years of supervisory release. Judgment and Commitment, *United States v. Fierro-Rascon*, No. 14-cr-13, (W.D. Wis. Mar. 17, 2015), ECF No. 127. Petitioner is now proceeding pro se and asks the court to vacate his conviction and sentence under 28 U.S.C. § 2255.

  Because petitioner is proceeding pro se, I must review his petition under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 521 (1972). After conducting a preliminary review of the petition under Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts, I conclude that two of petitioner's claims are barred and the other two are procedurally defaulted. However, I will give petitioner an opportunity to respond to this order with regard to the defaulted claims and attempt to overcome his procedural default.

BACKGOUND

While incarcerated in federal prison, petitioner organized a scheme to traffic marijuana into the United States from Mexico using an altered van. Officials uncovered the plan by listening to petitioner's recorded prison phone calls. When the van attempted to enter the United States, border officials stopped it and discovered the marijuana. The government charged petitioner and the other people involved, including petitioner's co-conspirator, Christopher Johnson, who pleaded guilty and testified against petitioner at trial.

On January 15, 2015, petitioner was convicted by a jury of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C), 846. I sentenced him to eight years of prison and three years of supervisory release, which included the addition of four offense levels for his leadership role in the scheme. U.S.S.G. § 3B1.1(a). Petitioner appealed to the Seventh Circuit, which allowed his attorney to withdraw. *United States v. Fierro-Rascon*, 627 F. App'x 550, 551-53 (7th Cir. 2015). On appeal, petitioner challenged the four-level sentencing adjustment and the effectiveness of his counsel, among other arguments. But the Seventh Circuit rejected all of his arguments and dismissed his appeal. *Id.* at 553.

ANALYSIS

Habeas "relief under § 2255 is an extraordinary remedy because it asks the district court to essentially reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). To prevail, petitioner must show that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to

impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Petitioner alleges four grounds for relief: a Fourth Amendment violation in the search and seizure of his personal phone book; improper phone interceptions in violation of 18 U.S.C. §§ 2510, 2515, 2516, 2518; an improper sentencing adjustment under U.S.S.G. § 3B1.1(b); and ineffective assistance of counsel.

Petitioner raised the sentencing adjustment and the ineffective assistance of counsel grounds on direct appeal. Unless his circumstances have changed since then, he may not revisit those grounds here. *Vinyard v. United States*, 804 F.3d 1218, 1226-27 (7th Cir. 2015) ("Issues raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." (internal quotation marks and citations omitted)). Petitioner does not allege any changed circumstances, and so I will not consider his challenges to the sentencing adjustment or the effectiveness of his counsel's assistance.

Petitioner did not raise his Fourth Amendment or improper phone interception grounds on direct appeal. There is no apparent reason why he could not have done so. Petitioner has therefore procedurally defaulted those claims. *McCoy v. United States*, 815 F.3d 292, 295 (7th Cir. 2016) ("A claim cannot be raised for the first time in a § 2255 motion if it could have been raised at trial or on direct appeal."). The only way for petitioner to raise those claims now is by overcoming the default. To overcome default, he must show good cause for failing to raise the defaulted claims and actual prejudice from defaulting, or demonstrate that he is actually innocent. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

I will give petitioner an opportunity to overcome his default by responding to this order and explaining: (1) why he failed to raise his Fourth Amendment and phone interception claims on direct appeal, and what actual prejudice he will suffer as a result of defaulting those claims; or (2) whether and how a failure to review his claims will constitute a fundamental miscarriage of justice because he is actually innocent of the charges. If petitioner fails to timely and adequately respond, then I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Humberto Fierro-Rascon may have until June 28, 2016, to file a response explaining why this court should review his procedurally defaulted claims. If petitioner fails to timely respond, I will dismiss his petition.

Entered June 7, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge