IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HUMBERTO FIERRO-RASCON,

                              Petitioner,                       OPINION & ORDER

     v.

                                                                     14-cr-13-jdp

UNITED STATES of AMERICA,                        16-cv-24-jdp

                              Respondent.

---

Petitioner Humberto Fierro-Rascon was convicted by a jury in January 2015 of conspiracy to possess with intent to distribute more than 50 kilograms of marijuana in violation of 21 U.S.C. §§ 841(b)(1)(C) and 846. I sentenced petitioner to eight years of prison and three years of supervisory release. Judgment and Commitment, *United States v. Fierro-Rascon*, No. 14-cr-13-jdp, (W.D. Wis. Mar. 17, 2015), ECF No. 127. Petitioner filed an unsuccessful appeal with the Seventh Circuit. He then filed a motion to vacate the conviction and sentence under 28 U.S.C. § 2255. Dkt. 1.

I reviewed the petition and concluded that two of petitioner's four claims were barred, and the other two were procedurally defaulted. Dkt. 3. The defaulted claims included an alleged Fourth Amendment violation in the search and seizure of his personal phone book and allegedly improper phone interceptions in violation of 18 U.S.C. §§ 2510, 2515, 2516, and 2518. I gave petitioner the opportunity to try and overcome the defaults. To do so, petitioner must show good cause for failing to raise the defaulted claims and actual prejudice from defaulting, or demonstrate that he is actually innocent. *Torzala v. United States*, 545 F.3d 517, 522 (7th Cir. 2008).

Petitioner has now responded. Dkt. 4. He does not contend that he is innocent. But he contends that his counsel was ineffective and caused him to default on the claims. Petitioner's ineffective assistance of counsel claim was one of the two claims barred for having been raised previously on direct appeal. *Vinyard v. United States*, 804 F.3d 1218, 1226-27 (7th Cir. 2015) ("Issues raised on direct appeal may not be reconsidered on a § 2255 motion absent changed circumstances." (internal quotation marks and citations omitted)). But petitioner may use ineffective assistance to show cause in overcoming his default on his Fourth Amendment and wiretapping claims.

To use ineffectiveness of counsel "as cause to justify procedural default, the defendant must show the appellate attorney's performance was deficient and the performance prejudiced him in the proceeding." *McCleese v. United States*, 75 F.3d 1174, 1179 (7th Cir. 1996) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "To show prejudice stemming from ineffective assistance of counsel, a defendant must prove 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *McCleese*, 75 F.3d at 1180 (quoting *Strickland*, 466 U.S. at 694). That is to say, petitioner must allege that his appeal to the Seventh Circuit would have gone differently if his counsel had raised these issues there.

Petitioner has alleged that his appellate counsel failed to raise his defaulted claims, despite knowing about them, stating that "defense counsel's unprofessional errors . . . may reflect a deliberate appellate strategy." Dkt. 4, at 4. Instead of raising them, counsel filed an *Anders*[1] no-merit brief and withdrew from the case. Dkt. 4-1; Dkt. 4-2; Dkt. 4-3. It is not

---

[1] An *Anders* brief explains to the court that counsel believes that there are no non-frivolous

clear how strategy played a part, nor would counsel's strategic decisions support an ineffective assistance argument. *See United States v. Lathrop*, 634 F.3d 931, 937 (7th Cir. 2011) (in this context, court "review of an attorney's tactical decisions is highly deferential"). But I will construe the petition favorably, and assume that petitioner has identified a cause for failing to raise his defaulted claims on direct appeal. However, petitioner has failed to articulate resultant prejudice from the default. He has not explained how his counsel's alleged error changed the outcome of his appellate proceedings significantly enough to undermine confidence in the appeals court's decision. Accordingly, petitioner has failed to overcome his default and I will dismiss his petition.

ORDER

IT IS ORDERED that petitioner Humberto Fierro-Rascon's motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, Dkt. 1, is DENIED. The clerk of court is directed to enter judgment for respondent and close this case.

Entered August 31, 2016.

BY THE COURT:

\_\_\_\_\_/s/_____
JAMES D. PETERSON
District Judge

---

grounds for appeal. *See Anders v. California*, 386 U.S. 738 (1967).