IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HUMBERTO FIERRO-RASCON,

                            Petitioner,                            ORDER

    v.

                                                                  14-cr-13-jdp

UNITED STATES of AMERICA,                        16-cv-24-jdp

                            Respondent.

---

       Petitioner Humberto Fierro-Rascon filed a motion to vacate his conviction and sentence under 28 U.S.C. § 2255. Dkt. 1. I reviewed the petition and concluded that two of his four claims were barred, and the other two were procedurally defaulted, but I gave Fierro-Rascon the opportunity to try and overcome the defaults. Fierro-Rascon responded, contending that his counsel was ineffective and caused him to default on the claims. But he failed to explain how his appellate counsel's alleged error prejudiced him, so he failed to overcome his default. As a result, I dismissed his petition. Dkt. 5. Fierro-Rascon moved for reconsideration of my ruling, contending that he met the prejudice prong of the ineffective assistance analysis. Because Fierro-Rascon still had not shown that, but for his appellate counsel's error, the outcome of his appellate proceedings would have been materially different, I denied his motion for reconsideration. Dkt. 9.

       Now, Fierro-Rascon moves for relief from judgment under Federal Rule of Civil Procedure 60(b)(1), which allows courts to grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fierro-Rascon focuses once again on the prejudice prong of the ineffective assistance analysis.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Cincinnati Ins. Co. v. Flanders Elec. Motor Serv., Inc.*, 131 F.3d 625, 628 (7th Cir. 1997). I will not discuss Fierro-Rascon's arguments in detail because they merely reiterate the arguments he made in his motion for reconsideration. That is not the proper focus for a Rule 60 motion. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). I can find no mistake, inadvertence, surprise, excusable neglect, or other reason that would allow me to grant relief under Rule 60(b)(1). I stand on my previous analysis that Fierro-Rascon has not shown that his appellate counsel's alleged error prejudiced him, so I will deny his motion under Rule 60(b)(1).

ORDER

IT IS ORDERED that petitioner Humberto Fierro-Rascon's motion under Rule 60(b)(1), Dkt. 10, is DENIED.

Entered February 28, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge